IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRENCE LOVELL BUTLER, | ) | |
| AIS #245447, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-588-WKW |
| | ) | [WO] |
| | ) | |
| JEFFERSON DUNN, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Terrence Lovell Butler ("Butler"), an inmate incarcerated at the Kilby Correctional Facility, filed this 42 U.S.C. § 1983 on August 12, 2015.  In this civil action, Butler challenges the constitutionality of his assigned classification level and presents general claims attacking the conditions to which he is currently confined.  *Compl. - Doc. No. 1* at 3. Butler did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court.  *Application to Proceed Without Prepayment of Fees - Doc. No. 2*.  In support of this request, Butler provided financial information necessary to determine the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Butler and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Butler

owed an initial partial filing fee of $8.54.  *Order of August 14, 2015 - Doc. No. 3* at 1-2.  The court therefore ordered that Butler pay the initial partial filing fee on or before September 3, 2015.  *Id*. at 2.  In addition, this order specifically informed Butler "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee**."  *Id*. (emphasis in original).  The order also "advised [Butler] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee."  *Id*. at 3.  Moreover, the court specifically cautioned Butler that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist."  *Id*.

Butler has failed to pay the initial partial filing fee within the time allowed by this court.  In addition, Butler did not advise the court of the need for an extension to pay the partial filing fee as directed by the aforementioned order nor did he provide any reason for his failure to pay this fee.  The court therefore concludes that this case is due to be dismissed. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of

consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 29, 2015**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 15th day of September, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE